FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2013 APR 30 P 4: 26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

INTELLECTUAL VENTURES I LLC

Plaintiff,

v.

HON. TERESA STANEK REA in her official
capacity as UNDER SECRETARY OF
COMMERCE FOR INTELLECTUAL
PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND
TRADEMARK OFFICE,

Defendant.

Civil Action No. 1:13cv534

AJT/TCB

## COMPLAINT

Plaintiff Intellectual Ventures I LLC ("IV"), by and through its undersigned counsel, for its complaint against defendant, the Director of the United States Patent and Trademark Office ("PTO"), alleges as follows:

## NATURE OF THE ACTION

1. This civil action is brought pursuant to 35 U.S.C. § 145 by the assignee of U.S. Patent Application Serial No. 09/553,337 ("the '337 Application"), Plaintiff IV, against the Director of the PTO seeking a judgment that Plaintiff is entitled to a patent for the invention specified in Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application, which claims are the subject of a Decision on Appeal by the Patent Trial and Appeal Board ("PTAB") and a Decision on Request for Rehearing by the PTAB.

1

2. Plaintiff has not appealed to the United States Court of Appeals for the Federal Circuit.

3. This action arises under 35 U.S.C. § 145 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706, because Plaintiff IV, to whom the applicant's rights in the '337 Application have been assigned, is dissatisfied with the decision of the PTAB affirming the PTO's rejection of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application in an appeal under 35 U.S.C. § 134.

## THE PARTIES

4. Plaintiff IV is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Bellevue, Washington.

5. The inventor of the '337 Patent Application, which was filed on April 20, 2000, and is entitled "Method for Updating Software," is Richard R. Reisman, a citizen of the United States. A copy of the '337 Patent Application is attached as Exhibit A. IV is the assignee of all right, title, and interest in the '337 Patent Application by virtue of a series of assignments and transactions: (1) from inventor Richard R. Reisman to Teleshuttle Techs., LLC, recorded on July 15, 2004, at Reel 014852, Frame 0631; (2) from inventor Richard R. Reisman to Teleshuttle Techs., LLC, recorded on March 30, 2006, at Reel 017400, Frame 0442 (amendment); (3) from Teleshuttle Techs., LLC, to BTG Int'l, Inc., recorded on March 30, 2006, at Reel 017400, Frame 0446; (4) from BTG Int'l, Inc. to TwinTech E.U., Limited Liability Company, recorded on August 14, 2006, at Reel 018099, Frame 0184; (5) from TwinTech E.U., Limited Liability Company, to Intellectual Ventures I LLC, recorded on September 7, 2011, at Reel 026868, Frame 0667; and (6) from TwinTech E.U., Limited Liability Company, to Intellectual Ventures I LLC, recorded on September 25, 2012, at Reel 029036, Frame 0717 (corrective assignment).

6. Defendant Teresa Stanek Rea is the Acting Under Secretary of Commerce for Intellectual Property and the Acting Director of the PTO. The Director is the head of the agency, charged by statute with providing management supervision of the PTO. Ms. Rea is sued in her official capacity as Acting Director of the PTO.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this is a civil action arising under the laws of the United States and relating to patents, including the United States Patent Act, 35 U.S.C. § 1 *et seq*. Jurisdiction also exists under 5 U.S.C. §§ 701-706. This court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 145 (as amended by the America Invents Act on September 16, 2011).

8. This Court has authority to review the decision of the PTAB and to authorize the Director of the PTO to issue a patent pursuant to 35 U.S.C. § 145.

9. Venue is proper in this District pursuant to 35 U.S.C. § 145 (as amended by the America Invents Act on September 16, 2011) and 28 U.S.C. § 1391.

10. The Decision on Appeal for the '337 Application ("Appeal Decision") was mailed on November 30, 2012. A copy of the Appeal Decision is attached as Exhibit B.

11. A Request for Rehearing regarding the Appeal Decision was filed at the PTO on January 30, 2013. Pursuant to 37 C.F.R. § 41.52(a)(1), which requires filing a request for rehearing within two months of the date of the original decision of the Board, the Request for Rehearing was timely. A copy of the Request for Rehearing is attached as Exhibit C.

3

12. The "Decision on Request for Reconsideration" ("Rehearing Decision") was mailed on March 1, 2013. A copy of the Rehearing Decision is attached as Exhibit D. Pursuant to 37 C.F.R. § 1.304(a)(1), which indicates that the time for "commencing a civil action shall expire two months after action on the request" for rehearing, this Complaint is timely.

## FACTUAL BACKGROUND

13. On January 25, 2010, the PTO mailed an Office Action ("the Final Office Action") finally rejecting Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application ("the rejected claims"). A copy of the rejected claims is attached as Exhibit E. A copy of the Final Office Action is attached as Exhibit F.

14. The Final Office Action includes two rejections: (a) a rejection of Claims 114, 116-122, 124-126, 128-131, 133-141, 143-145, 147-150, 152, 153-155, 157-161, 163-172, 175-179, and 181-202 under 35 U.S.C. § 103(a) as purportedly obvious over four publications: (1) U.S. Patent No. 5,734,871 to Kleinerman *et al.* ("Kleinerman"); (2) the "RIPscrip Graphics Protocol Specification" ("RIPscrip" or "Qmodem"); (3) the definition of "graphical user interface" from the Microsoft Press Computer Dictionary, Second Edition ("Microsoft Press"); and (4) U.S. Patent No. 5,630,125 to Zellweger ("Zellweger"); and (b) a rejection of Claims 115, 132, 151, 154, 172, and 175-190 under 35 U.S.C. § 103(a) as purportedly obvious over five publications: (1) Kleinerman; (2) RIPscrip; (3) Microsoft Press; (4) Zellweger; and (5) U.S. Patent No. 6,031,977 to Pettus ("Pettus").

15. On April 19, 2010, an Amendment and Reply to the Final Office Action was filed ("the After Final Amendment").

4

16. On June 6, 2010, an Advisory Action was mailed. The Advisory Action indicated that the After Final Amendment would not be entered.

17. A Notice of Appeal was timely filed on June 24, 2010.

18. The Brief on Appeal for the '337 Application was timely filed on August 18, 2010.

19. The Examiner's Answer to the Appeal Brief was mailed on November 12, 2010.

20. The Reply Brief on Appeal for the '337 Application was timely filed on January 12, 2011.

21. The PTAB's Appeal Decision affirmed the PTO's final rejection of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application.

22. The PTAB's Rehearing Decision granted "the Request for Rehearing to further elaborate and highlight: (i) page 4, lines 6-12; and (ii) page 5, lines 7-14, 15-19, and 23-25 of [the PTAB's] original Decision" but otherwise maintained the affirmance of the final rejection of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application.

23. IV has exhausted its administrative remedies and seeks relief from this Court under 35 U.S.C. § 145 and 5 U.S.C. §§ 701 *et seq.*

24. IV is dissatisfied with the decision of the PTAB affirming the PTO's final rejection of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application under 35 U.S.C. § 103(a) in an appeal under 35 U.S.C. § 134.

6

25. IV is dissatisfied with the decision of the PTAB at least because the PTO as well as the PTAB committed factual and legal error in concluding that Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application are obvious under 35 U.S.C. § 103(a).

26. IV is dissatisfied with the decision of the PTO and the PTAB because additional evidence will confirm that the obviousness rejection under 35 U.S.C. § 103(a) of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application was erroneous.

27. The actions, findings, and conclusions of the PTO, including those of the Examiner of the '337 Application, as well as of the PTAB regarding the alleged unpatentability of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application should be set aside at least because those actions, findings, and conclusions are arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law, fail to observe the procedure required by the law, and are unwarranted.

## **CLAIM FOR RELIEF**

28.     Paragraphs 1-27 are incorporated by reference in their entireties as if fully set forth herein.

29.     The conclusion, and the actions and findings underlying the conclusion, by the PTO, including the Examiner of the '337 Application, as well as the PTAB that Claims 114, 116-122, 124-126, 128-131, 133-141, 143-145, 147-150, 152, 153-155, 157-161, 163-172, 175-179, and 181-202 of the '337 Application are obvious under 35 U.S.C. § 103(a) due to Kleinerman, RIPscrip, Microsoft Press, and Zellweger is erroneous.

30.     The conclusion, and the actions and findings underlying the conclusion, by the PTO, including the Examiner of the '337 Application, as well as the PTAB that Claims 115, 132, 151, 154, 172, and 175-190 of the '337 Application are obvoius under 35 U.S.C. § 103(a) due to Kleinerman, RIPscrip, Microsoft Press, Zellweger, and Pettus is erroneous.

31.     Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application are patentable and satisfy, *inter alia*, 35 U.S.C. § 103(a) as well as applicable statutory and regulatory requirements and a U.S. Patent should issue thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff IV respectfully requests the following relief:

A. Entry of judgment setting aside and reversing the PTAB's conclusion, and the actions and findings underlying the conclusion, that Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application are unpatentable under 35 U.S.C. § 103(a);

B. Entry of judgment declaring that IV is entitled to receive a patent for the invention of Claims 114-122, 124-126, 128-141, 143-145, 147-155, 157-161, 163-173, 175-179, and 181-202 of the '337 Application and authorizing the Director to issue such a patent;

C. Entry of judgment awarding IV such further relief at law and/or in equity as this Court deems just and proper.

Dated: April 30, 2013

Respectfully submitted,

_____
Erin M. Dunston, Esq. (Virginia Bar No. 44,842)
Email: erin.dunston@bipc.com
Charles F. Wieland III, Esq. (Virginia Bar No. 32,108)
Email: charles.wieland@bipc.com
Rachel J. Elsby, Ph.D., Esq. (Virginia Bar No. 81,389)
Email: rachel.elsby@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street
Alexandria, Virginia 22314
Telephone: (703) 836-6620
Facsimile: (703) 836-2021

Philip L. Hirschhorn, Esq.
(*pro hac vice* application to be filed)
Email: philip.hirschhorn@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
1290 Avenue of the Americas, 30th Floor
New York, New York 10104
Telephone: (212) 440-4400
Facsimile: (212) 440-4401

OF COUNSEL:
Matthew C. Phillips, Esq.
Oregon Bar No. 040979
(*pro hac vice* application to be filed)
Email: matthew.phillips@renaissanceiplaw.com

RENAISSANCE IP LAW GROUP LLP
9600 SW Oak Street, Suite 560
Portland, Oregon 97223
Telephone: (503) 964-1129
Facsimile: (503) 517-9919

                                                ATTORNEYS FOR PLAINTIFF
                                                INTELLECTUAL VENTURES I LLC